Devin H. Fok (SBN 256599)
**DHF LAW**
234 E. Colorado Blvd., 8th Floor
Pasadena, CA 91101
Telephone: (310) 430-9933
Facsimile: (818) 484-2023
devin@devinfoklaw.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# _NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br>vs.<br><br>SELECTION.COM , a foreign limited liability company doing business in California; and DOES 1-10 inclusive,<br><br>Defendants. | No.: _____<br><br>**CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT (15 U.S.C. §1681** *et seq.***)**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff JOHN DOE ("Plaintiff"), on behalf of himself and all similarly situated individuals, complain and allege against Defendant SELECTION.COM ("SELECTION" or "Defendant") and DOES 1-10 (collectively "Defendants") inclusive as follows:

## **PRELIMINARY STATEMENT**

1. This is a case about a consumer reporting agency's willful failure to follow federal and state laws designed to protect consumers from inaccurate, misleading, and manifestly improper consumer reporting practices.

1

2. Employers, lenders, and landlords use consumer reports to screen applicants, borrowers and tenants. They use the reports to deny people jobs, credit, housing and access to other means by which to live.

3. Recognizing the content of consumer reports can have a significant impact on people's lives, Congress has chosen to regulate the procurement, use and content of those reports through the Fair Credit Reporting Act ("FCRA"). 15 U.S.C. §1681 *et seq.*.

4. The FCRA is Congress' effort to ensure that consumer reporting agencies are required to report information in a manner which is "fair and equitable to the consumer," and "with regard to the confidentiality, accuracy, relevancy, and proper utilizing of such information." 15 U.S.C. §1681(b).

5. To achieve its goals, Congress has imposed strict limitations on the content of consumer reports and has also imposed requirements intended to ensure that consumers are easily able to access their own files.

6. Defendant SELECTION is a consumer reporting agency that provides consumer reports to employers, landlords, and creditors.

7. SELECTION routinely and systematically violates multiple provisions of the FCRA in connection with its issuance of consumer reports in connection with consumers' eligibility for employment.

8. As further discussed herein, SELECTION has violated and continues to violate the FCRA by:

    a. reporting old charges that were dismissed and older than seven years even though the FCRA explicitly prohibits the inclusion of this information in consumer reports (15 U.S.C. §1681c(a) and (5));and

    b. failing to use "reasonable procedures to assure ***maximum possible accuracy*** of the information concerning the individual about whom the report relates" and failing to use "***strict procedures***" to ensure

that the public records information reported for employment purposes are complete and up to date by reporting the same convictions multiple times 15 U.S.C. §§1681e(b); 15 U.S.C. § 1681k(a)(2).

## PARTIES

9. Plaintiff JOHN DOE is a resident of Contra Costa County, California.

10. Defendant SELECTION is a consumer reporting agency that provides consumer reports for employment purposes. It does business throughout the United States, including in the County of Contra Costa. SELECTION's website is www.selection.com and general information about SELECTION's background screening business can be found at www.selection.com.

11. Defendant SELECTION is a consumer reporting agency within the meaning of the FCRA. For monetary fees, SELECTION engages in the practice of assembling information on consumers for the purpose of furnishing consumer reports to third parties and uses interstate commerce, including electronic mail and internet, for the purpose of preparing and furnishing such reports. *See:* www.SELECTION.com/BackgroundScreening.html. (last viewed September 17, 2014).

12. One of SELECTION's specialties is furnishing consumer reports for employment purposes, i.e., providing criminal background checks to employers for their use in taking adverse employment action, such as termination, failure to hire, and failure to promote.

## VENUE

13. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

14. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b)(2). Plaintiff resides in this district, the wrongs alleged herein occurred in this district, and Defendant regularly conducts business in this district.

**STATUTORY BACKGROUND**

15. The FCRA is Congress's effort to ensure that consumer reporting agencies are required to report information in a manner which is "fair and equitable to the consumer," and "with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information." 15 U.S.C. §1681(b).

16. To achieve its goals, Congress requires consumer reporting agencies to follow extremely stringent procedures to ensure that whenever criminal history information is reported, it is accurate, complete, and up to date. 15 USC §§1681e(b); 1681k(a)(2)).

17. The accuracy and completeness of the information notwithstanding, Congress has further required that consumers receive sufficient notice of their rights under the Act and to receive a copy of their consumer report *prior* to any adverse employment decision is taken so that the consumers will have an opportunity to dispute the information reported. (15 USC §1681b(b)(3)).

18. In addition, the FCRA also imposes strict regulations prohibiting consumer reporting agencies from reporting obsolete information, including any adverse information, other than convictions, that antedate the report by more than seven years. 15 USC §1681c(a)(2) and (5).

19. Lastly, prior to furnishing and using consumer reports, the user-employer must certify to the consumer reporting agency, among its compliance with other provisions of the FCRA, that it will not use the information disclosed in the

consumer report to violate any applicable Federal or State equal employment opportunity law or regulation. 15 USC §1681b(b)(1)(A)(ii).

20. In a pattern and practice of related violations, SELECTION conduct has consistently undermined Congress' carefully struck balance, unlawfully placing its business interests above the rights of consumers.

21. Based on SELECTION's conduct, Plaintiff asserts FCRA claims on behalf of himself and the classe defined below. On behalf of himself and the class, Plaintiff seeks statutory damages, punitive damages, attorneys' fees, expenses, costs and all available other appropriate relief.

## FACTUAL ALLEGATIONS

### Facts about Plaintiff

22. On or about August 15, 2013, Plaintiff was arrested charged with violation of a municipal ordinance under the indecency act. He was never prosecuted and the charges were dismissed on or about February 6, 2014.

23. He was also charged with disorderly conduct for his acts arising out of the same incident.

24. Both cases were subsequently dismissed and sealed by order of the Peoria County Superior Court dated September 11, 2014.

25. On or about late 2014 or early 2015, Plaintiff applied for employment with January 27, 2015, he applied for employment with Storeroomsolutions.com ("Employer").

26. On or January 27, 2015, he was extended a written employment offer for a full-time position as Buyer II located in Berkeley and Emeryville, California.

27. This offer was accepted January 27, 2015.

28. On or about February 4, 2015, Employer procured a consumer report from SELECTION which disclosed numerous erroneous and prohibited information.

29. Under its "Motor Vehicle" report, it disclosed information related to administrative action taken by the Illinois Department of Motor Vehicle going as far back as 1997.

30. Under its criminal history section of the report, it erroneously disclosed that Plaintiff was "GUILTY" of both of cases when in fact, court records reflect that both there were "No Charge" associated with these two cases.

31. Moreover, the report did not disclose information related to the level of the charge or "Charge Class" (*e.g.,* infraction/misdemeanor/felony) thereby rendering the report incomplete in violation of 15 U.S.C. §1681k(a)(2).

32. Based on looking at the report, the employer did not and could know that the reported charges were for violations of low level municipal ordinances.

33. Subsequently, both of these two cases were sealed by the law of the state of Illinois.

34. The erroneous report was generated through SELECTION's "Search America" Product.

35. This is an instant background check product that retrieves information with "immediate results" through various databases that are not accurate, complete, and up to date in violation of 15 U.S.C. §1681k(a)(2). *See* http://selection.com/seach-america-background-check/ (last viewed May 5, 2015).

36. SELECTION did not obtain Plaintiff's criminal records directly from the relevant courthouse. Rather, it was retrieved through third-party databases that cannot possibly assure that the stored information are accurate, complete, and up to date.

37. Due to the errors in Plaintiff's report, Plaintiff's employer intended to rescind his written offer of employment.

38. Plaintiff immediately disputed the information in his consumer report.

39. On or about February 9, 2015, SELECTION issued an updated report omitting the criminal history information. However, Defendant nevertheless continued to disclose obsolete Motor Vehicle records that antedate the report by more than 7 years.

40. Although Plaintiff ultimately remained employed, the erroneous report damaged Plaintiff's reputation with his employer, Plaintiff was significantly and severely distressed and continues to be distressed due to fear that obsolete and erroneous information may continue to be reported by SELECTION.

**Facts about SELECTION**

41. Plaintiff is informed and believes and thereon alleges that SELECTION routinely sells consumer reports based on information contained in its criminal history databases without sufficient procedures to ensure that the reported information complies with the FCRA and/or accurate, complete, and up to date.

42. Plaintiff is informed and believes and thereon alleges that SELECTION 's business model is to aggregate criminal history information across the country through various methods and resell it to employers "as is" without conducting an individualized verification as to the accuracy and completeness of the information sold.

43. Plaintiff is further informed and believes and thereon alleges that one of the criminal history data aggregation methods utilized by SELECTION is called "Search America" where SELECTION used an automated computer program to extract and sort the information from online criminal databases.

44. The use of this technology often results in the disclosure of repetitive, erroneous, and incomplete criminal history information.

45. Plaintiff is further informed and believes and thereon alleges that SELECTION also does not conduct an individualized analysis as to whether the reported information complies with 15 U.S.C. §1681c.

46. Plaintiff is informed and believes and thereon alleges that SELECTION does not utilize any computer algorithm to ensure that any non-conviction information older than 7-years are not reported pursuant to 15 U.S.C. §1681c.

47. Plaintiff is informed and believes and thereon alleges that SELECTION did not and does not provide contemporaneous notice of the fact that public record information is being reported in compliance with 15 U.S.C. §1681k(a)(1).

48. Plaintiff is informed and believes and thereon alleges that SELECTION also did not obtain certification compliant with 15 U.S.C. §1681b(b)(1)(A)(i) prior to furnishing consumer report on Plaintiff.

## **SELECTION ACTED WILLFULLY**

49. SELECTION knew or should have known that it is a consumer reporting agency subject to the FCRA.

50. Accordingly, SELECTION was well-aware that it was subject to the mandates and requirements of the FCRA and knew or should have known about its legal obligations under the FCRA. These obligations are well established in the plain language of the FCRA and in case law applying those provisions.

51. SELECTION obtained or had available substantial written materials that apprised it of its duties under the FCRA. Any reasonable consumer reporting agency knows about or can easily discover these mandates.

52.     Despite at least the constructive knowledge of these legal obligations, SELECTION acted consciously in breaching its known duties and depriving Plaintiff, and similarly situated individuals, of their rights under the FCRA.

53.     SELECTION knew or should have known that the FCRA requires consumer reporting agencies such as SELECTION to use "reasonable procedures to ensure the maximum possible accuracy" of the information reported as well as "strict procedures" to ensure that the reported information is complete and up to date. (15 U.S.C. §§1681e(b) and 1681k(a)(2)).

54.     SELECTION also knew or should have known that its instant background check report product "Search America" cannot possibly comply with 15 U.S.C §1681k(a)(2)'s requirement to use strict procedures to ensure that the information is complete and up to date.

55.     Specifically, SELECTION knew or should have known that information retried from third-party databases on an instantaneous rather than obtaining the most current and up to the date information from the originating court cannot possibly complete with the "strict procedure" requirement to ensure that the reported information is "up to date."

56.     Moreover, while knowing that its procedures cannot possibly comply with 15 U.S.C. §1681k(a)(2), SELECTION knowingly failed to provide notice compliant with 15 U.S.C. §1681k(a)(1).

57.     Lastly, SELECTION also adopted a policy of obtaining prospective certification from employers in order to furnish consumer reports in violation of 15 U.S.C. §1681b(b)(1)(A)(i). Prospective certifications cannot possibly comply with the FCRA under any reasonable reading of the statute because it runs counter to §1681b(b)(1)'s use of the phrase "has complied" which clearly appears to refer retrospectively to an action already taken. *See Syed v. M-I LLC*, 2014 U.S. Dist. LEXIS 150748, *12.

58. Defendant's conduct was at least reckless in failing to make an appropriate and effective effort to ascertain the FCRA provisions governing its conduct.

59. As a result of these FCRA violations, Defendant is liable to Plaintiff and similarly situated individuals for statutory damages from $100 to $1,000 pursuant to 15 U.S.C. § 1681n(a)(1)(A), plus punitive damages pursuant to 15 U.S.C. § 1681n(a)(2) for the FCRA violations alleged herein, and for attorney's fees and costs pursuant to § 1681n and § 1681o.

60. In the alternative to the Plaintiffs' allegations that these violations were willful, they allege that the violations were negligent and will seek certification of that issue.

## CLASS ACTION ALLEGATIONS

61. SELECTION's practices and procedures described herein affected and continue to affect Plaintiff and other consumers whose criminal charges have been dismissed or expunged, or who have obtained similar post-conviction relief, and consumers who have been found not guilty of the charges leveled against them.

62. Plaintiff brings this action individually and as a class action pursuant to Federal Rule of Civil Procedure 23:

> All natural persons within the United States who were the subject of a consumer report furnished to a third party by SELECTION for employment purposes, during the two years preceding the filing of this action until final resolution of this action.

> Such natural persons are hereinafter referred to collectively as the "Class," and the affected individuals are referred to collectively as "Class members."

**§1681k(a)(1) Subclass:**

All natural persons within the United States who were the subject of a consumer report where the criminal history information was generated through SELECTION's Search America Product and who did not receive a notice that his or her public records information is being reported by SELECTION including the name and address of the employer to whom such information is being reported.

**§1681c(a)(5) Subclass:**

All natural persons within the United States who were the subject of an employment purpose consumer report where adverse information that antedate the report by more than 7 years were disclosed in its Motor Vehicle product.

**§1681b(b)(1) Subclass:**

All natural persons within the United States who were the subject of an employment purpose consumer report furnished by SELECTION under a prospective certification that the employer "has complied" with 15 U.S.C. §1681b(b)(2)(A).

**§1681k(a)(2) Subclass:**

All natural persons within the United States who were the subject of an employment purpose consumer report furnished by SELECTION that did not disclose the level of the offense under "Charge Class."

63. The Class is so numerous that joinder of all members is impracticable. Although the precise number of Class members is known only to SELECTION, Plaintiff is informed and believes and on that basis alleges that the Class is comprised of hundreds or thousands of consumers. SELECTION sells criminal history record information to thousands of businesses throughout the country, and its reports to such businesses are standardized, form documents, produced by the same online system, practices and procedures applicable to all subjects of the reports.

64. The identities of the individual Class members should be readily ascertainable from SELECTION's records. Notice may be mailed to Class members using the public record information in SELECTION's files, as updated through the National Change of Address Registry.

65. There is a significant community of interest among the Class members, as there are questions of law and fact common to the Class that predominate over any questions affecting only individual Class Members. Those questions include:

(a) whether SELECTION violated 15 U.S.C. § 1681k by failing to notify consumers contemporaneously of the fact that criminal record information was being sent to prospective employers;

(b) whether SELECTION violated 15 U.S.C. § 1681k by failing to maintain strict procedures to assure that the criminal record information furnished to its customers is complete, accurate, and up-to-date;

(c) whether SELECTION violated section 15 U.S.C. § 1681e(b) by failing to adopt, maintain and follow reasonable procedures that assured maximum

possible accuracy of the information concerning the individuals about whom the report relates; and

(d) whether those violations were negligent, intentional, willful, or malicious.

66. Plaintiff's claims are typical of the claims of the Class, which all arise from the same operative facts and are based on the same legal theories.

67. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff is committed to vigorously litigating this matter and has no conflict with the Class. Plaintiff has secured counsel experienced in handling civil rights and consumer class actions.

68. A class action is a superior method for the fair and efficient adjudication of this controversy. The interest of Class members in individually controlling the prosecution of separate claims against SELECTION is small, as the maximum statutory damages recoverable by any one Class member is limited to $1,000.00 under the FCRA. Management of the Class claims in a single proceeding will avoid inconsistent judgments and result in a more efficient use of judicial resources than resolving these same issues in many individual cases.

## **CLAIMS FOR RELIEF**
### COUNT I
### **VIOLATION OF FCRA SECTION 15 U.S.C. §§1681c(a)(2) and (5)**
### **(Against SELECTION and DOES 1-5, inclusive)**

69. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

70. Defendant willfully violated the FCRA, 15 U.S.C. §1681c(a)(2) and (5) by disclosing criminal history information that did not result in conviction and antedated the report by more than 7 years.

13

71. Plaintiff seeks statutory damages for this violation pursuant to 15 U.S.C. § 1681n(a)(1)(A).

72. Plaintiff seeks punitive damages and equitable relief for this violation pursuant to 15 U.S.C. § 1681n(a)(2).

73. In the alternative to the Plaintiff's allegations that these violations were willful, he alleges that the violations were negligent and seeks issue certification of that issue and appropriate remedy, if any, under 15 U.S.C. § 1681o.

## COUNT II
## VIOLATION OF FCRA SECTION 15 U.S.C. §§1681e(b) and 1681k(a)
**(Against SELECTION and DOES 1-5, inclusive)**

74. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

75. Defendant willfully violated the FCRA, 15 U.S.C. §1681e(b) and 1681k(a)(2) by knowingly and/or recklessly used criminal information known to be incomplete, in accurate, and not up to date and/or use methods not reasonably and/or strictly calculated to obtain accurate, complete, and up to date criminal information in preparing its consumer reports sold to prospective employers.

76. Defendant further failed to provide contemporaneous notice to consumers of the fact that public record information is being reported by Defendant, together with the name and address of the person to whom such information is being reported.

77. Plaintiff seeks statutory damages for this violation pursuant to 15 U.S.C. § 1681n(a)(1)(A).

78. Plaintiff seeks punitive damages and equitable relief for this violation pursuant to 15 U.S.C. § 1681n(a)(2).

79. In the alternative to the Plaintiff's allegations that these violations were willful, he alleges that the violations were negligent and seeks issue certification of that issue and appropriate remedy, if any, under 15 U.S.C. § 1681o.

## COUNT III
## VIOLATION OF FCRA SECTION 15 U.S.C. §1681b(b)(1)
### (Against SELECTION and DOES 1-5, inclusive)

80. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

81. Defendant willfully violated the FCRA, 15 U.S.C. §1681e(b) and 1681k(a)(2) by knowingly and/or recklessly furnished consumer reports based on a prospective certification in violation of §1681b(b)(1).

82. Plaintiff seeks statutory damages for this violation pursuant to 15 U.S.C. § 1681n(a)(1)(A).

83. Plaintiff seeks punitive damages and equitable relief for this violation pursuant to 15 U.S.C. § 1681n(a)(2).

84. In the alternative to the Plaintiff's allegations that these violations were willful, he alleges that the violations were negligent and seeks issue certification of that issue and appropriate remedy, if any, under 15 U.S.C. § 1681o.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff seeks judgment in favor of himself and the proposed Classes:

1. That judgment be entered against SELECTION in favor of Plaintiff and Class members for statutory damages in the amount of not less than $100 and not more than $1,000 per violation, pursuant to 15 U.S.C. § 1681n(a);

2. That judgment be entered against SELECTION for punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

3. That judgment be entered against SELECTION for actual, economic, and emotional distress damages pursuant to 15 U.S.C. §1681o(a)(1);

4. That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n and § 1681o; and

5. That the Court grant such other and further relief as may be just and proper.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury on all issues.

Date: May 26, 20145

Respectfully submitted,

By: /s/ Devin H. Fok

Devin H. Fok (SBN 256599)
**DHF LAW**
 234 E. Colorado Blvd. 8th Floor
Pasadena, CA 91101
Telephone: (310) 430-9933
Facsimile: (818) 484-2023
devin@devinfoklaw.com

Attorneys for Plaintiffs