1

2

3

4                        UNITED STATES DISTRICT COURT

5                      NORTHERN DISTRICT OF CALIFORNIA

6

7   JOHN DOE,                                Case No. 15-cv-02338-WHO

                Plaintiff,
8                                            **ORDER DENYING MOTION TO STAY
                                             PROCEEDINGS**
        v.
9                                            Re: Dkt. No. 20

10  SELECTION.COM,

                Defendant.
11

12                              **INTRODUCTION**

13          This is a putative class action involving claims under the Fair Credit Reporting Act

14  ("FCRA"), 15 U.S.C. § 1681 *et seq.*  Defendant Selection Management Systems Inc. dba

15  selection.com ("Selection") moves for a stay of proceedings pending resolution of the appeals in

16  *Spokeo Inc. v. Robins*, 135 S. Ct. 1892 (2015), and *Tyson Foods Inc. v. Bouaphakeo*, 135 S. Ct.

17  2806 (2015), both scheduled to be heard by the Supreme Court this October Term.  Unlike another

18  FCRA case in which I granted a stay pending the *Spokeo* and *Tyson Foods* appeals, *Larson v.*

19  *Trans Union LLC*, No. 12-cv-05726-WHO, 2015 WL 3945052 (N.D. Cal. June 26, 2015),

20  (i) Doe's alleged injuries clearly provide standing to pursue his claims no matter what the Court

21  decides in *Spokeo* and *Tyson Foods*, and (ii) this case is in its nascent development, whereas if I

22  had not issued the stay in *Larson*, I would have ruled on class certification, summary judgment,

23  and likely held the trial before *Spokeo* and *Tyson Foods* were decided.[1]  Because Selection has not

24  shown that the relevant competing interests favor a stay, its motion is DENIED.

25                              **BACKGROUND**

26          Plaintiff John Doe filed this action on May 26, 2015.  Dkt. No. 1 ("Compl.").  According

27  _____

28  [1] Oral argument on this motion is unnecessary and the hearing set for October 14, 2015 is
    VACATED.

United States District Court
Northern District of California

United States District Court
Northern District of California

1   to his complaint, he accepted a written offer of employment with storeroomsolutions.com on

2   January 27, 2015.  Compl. ¶ 25-27.  On February 4, 2015, storeroomsolutions.com obtained Doe's

3   consumer report from Selection.  *Id.* ¶ 28.  Doe claims that the report disclosed "erroneous and

4   prohibited information" about him in violation of the FCRA.  *Id.*

5          Specifically, under the "Motor Vehicle" section, the report disclosed information regarding

6   a 1997 administrative action taken by the Illinois Department of Motor Vehicles.  *Id.* ¶ 29.  Under

7   the criminal history section, the report stated that Doe was found guilty in two criminal cases,

8   when in fact both cases were dismissed and court records reflect that there was "No Charge"

9   associated with either proceeding.  *Id.* ¶ 30.  The report also failed to disclose the level of the

10  reported charges, or the "Charge Class" (e.g., infraction, misdemeanor, or felony).  *Id.* ¶ 31.  As a

11  result, storeroomsolutions.com "did not and could [not] know that the reported charges were for

12  violations of low level municipal ordinances."  *Id.* ¶ 32.

13         Doe alleges that as a result of these disclosures, storeroomsolutions.com "intended to

14  rescind his written offer of employment."  *Id.* ¶ 37.  He immediately disputed the information in

15  the report, and on or around February 9, 2015, Selection issued an updated report omitting the

16  offending criminal history information (but continuing to disclose the offending Motor Vehicle

17  information).  *Id.* ¶ 39.  Doe states that although he ultimately remained employed by

18  storeroomsolutions.com, the initial report provided by Selection "damaged [his] reputation with

19  his employer, and [he] was significantly and severely distressed and continues to be distressed due

20  to fear that obsolete and erroneous information may continue to be reported by Selection."  *Id.* ¶

21  40.

22         Based on these allegations, Doe brings three causes of action against Selection on behalf of

23  himself and putative class members: (1) violations of 15 U.S.C. §§ 1681c(a)(2) and (5), for

24  disclosing criminal history information that did not result in conviction and other adverse

25  information that antedates the consumer report by more than seven years, Compl. ¶¶ 69-73;

26  (2) violations of 15 U.S.C. §§ 1681e(b) and 1681k(a), for "us[ing] criminal information known to

27  be incomplete, inaccurate, and not up to date and/or us[ing] methods not reasonably and/or strictly

28  calculated to obtain complete, accurate, and up to date criminal information in preparing its

2

1   consumer reports sold to prospective employers," and for "fail[ing] to provide contemporaneous

2   notice to consumers of the fact that public record information is being reported by [Selection],

3   together with the name and address of the person to whom such information is being reported,"

4   Compl. ¶¶ 74-79; (3) violations of 15 U.S.C. § 1681b(b)(1), for furnishing consumer reports based

5   on a "prospective certification," Compl. ¶¶ 80-84.

6        Doe claims that Selection violated each of these provisions willfully, entitling him and

7   putative class members to statutory damages pursuant to 15 U.S.C. § 1681n(a).[2]  In the alternative,

8   he alleges that Selection was negligent in violating the provisions and seeks actual damages

9   pursuant to 15 U.S.C. § 1681o.[3]

10       The complaint defines one putative class and four putative subclasses.  The putative class

11  is defined as:

> [a]ll natural persons within the United States who were the subject
> of a consumer report furnished to a third party by Selection for
> employment purposes, during the two years preceding the filing of
> this action until final resolution of this action.

Compl. ¶ 62.  The four putative subclasses are defined as:

> 15 U.S.C. § 1681c(a)(5) subclass: All natural persons within the
> United States who were the subject of an employment purpose
> consumer report where adverse information that antedate the report
> by more than 7 years were disclosed in its Motor Vehicle product.
>
> 15 U.S.C. § 1681k(a)(2) subclass: All natural persons within the
> United States who were the subject of an employment purpose
> consumer report furnished by Selection that did not disclose the
> level of the offense under "Charge Class."
>
> 15 U.S.C § 1681k(a)(1) subclass: All natural persons within the
> United States who were the subject of a consumer report where the
> criminal history information was generated through Selection's
> Search America Product and who did not receive a notice that his or

_____

[2] Under 15 U.S.C. § 1681n(a), "[a]ny person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of . . . any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000."  15 U.S.C. § 1681n(a)(1)(A).

[3] Under 15 U.S.C. 1681o, "[a]ny person who is negligent in failing to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of (1) any actual damages sustained by the consumer as a result of the failure; and (2) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court."  15 U.S.C. § 1681o.

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

her public records information is being reported by Selection including the name and address of the employer to whom such information is being reported.

15 U.S.C. § 1681b(b)(1) subclass: All natural persons within the United States who were the subject of an employment purpose consumer report furnished by Selection under a prospective certification that the employer "has complied" with 15 U.S.C. § 1681b(b)(2)(A).

Compl. ¶ 62.

Selection answered on August 21, 2015, Dkt. No. 12, and filed this motion on September 14, 2015, Dkt. No. 20.  It seeks a stay pending resolution of the appeals in *Spokeo Inc. v. Robins*, 135 S. Ct. 1892 (2015), and *Tyson Foods, Inc. v. Bouaphakeo*, 135 S. Ct. 2806 (2015), both scheduled to be heard by the Supreme Court this October Term.

The appeal in *Spokeo* involves 15 U.S.C. § 1681n(a), the same statutory damages provision on which Doe's claims are based.  The question presented is "[w]hether Congress may confer Article III standing upon a plaintiff who suffers no concrete harm, and who therefore could not otherwise invoke the jurisdiction of a federal court, by authorizing a private right of action based on a bare violation of a federal statute."  *Spokeo*, 13-1339, "Question Presented," available at http://www.supremecourt.gov/search.aspx?filename=/docketfiles/13-1339.htm (last visited October 7, 2015).

There are two questions presented in the *Tyson Foods* appeal:

I. Whether differences among individual class members may be ignored and a class action certified under Federal Rule of Civil Procedure 23(b)(3), or a collective action certified under the Fair Labor Standards Act, where liability and damages will be determined with statistical techniques that presume all class members are identical to the average observed in a sample.

II. Whether a class action may be certified or maintained under Rule 23(b)(3), or a collective action certified or maintained under the Fair Labor Standards Act, when the class contains hundreds of members who were not injured and have no legal right to any damages.

*Tyson Foods*, No. 14-1146, "Questions Presented," available at http://www.supremecourt.gov/ search.aspx?filename=/docketfiles/14-1146.htm (last visited October 7, 2015).

Oral argument before the Supreme Court is scheduled for November 2, 2015 in *Spokeo*, and for November 10, 2015 in *Tyson Foods*.

4

**United States District Court**
**Northern District of California**

1

## LEGAL STANDARD

2    "[T]he power to stay proceedings is incidental to the power inherent in every court to

3    control the disposition of the causes on its docket with economy of time and effort for itself, for

4    counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).  The burden is on the

5    movant to show that a stay is appropriate.  *See id.* at 255-66; *see also Clinton v. Jones*, 520 U.S.

6    681, 708 (1997).

7    In deciding whether to stay proceedings pending resolution of an appeal in another action,

8    a district court must weigh various competing interests, including (1) the possible damage which

9    may result from the granting of a stay; (2) the hardship a party may suffer if the case is allowed to

10   go forward; and (3) "the orderly course of justice measured in terms of the simplifying or

11   complicating of issues, proof, and questions of law which could be expected to result from a stay."

12   *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005).  Whether to stay proceedings is

13   entrusted to the discretion of the district court.  *See Landis*, 299 U.S. at 254-55 ("How this can

14   best be done calls for the exercise of judgment, which must weigh competing interests and

15   maintain an even balance.").

16   When weighing the relevant interests, the court must be mindful that "if there is even a fair

17   possibility that the stay for which [the movant] prays will work damage to someone else," then the

18   movant "must make a clear case of hardship or inequity in being required to go forward."  *Id.* at

19   255; *accord Salinas v. City of San Jose*, No. 09-cv-04410-EJD, 2012 WL 2906052, at *2 (N.D.

20   Cal. July 13, 2012).  "[B]eing required to defend a suit, without more, does not constitute a 'clear

21   case of hardship or inequity' within the meaning of *Landis*."  *Lockyer*, 398 F.3d at 1112.

22   ## DISCUSSION

23   Selection's request for a stay is based in large part on my order in *Larson v. Trans Union*

24   *LLC*, No. 12-cv-05726-WHO, 2015 WL 3945052 (N.D. Cal. June 26, 2015), staying proceedings

25   in that case in light of *Spokeo* and *Tyson Foods*.  Like the instant case, *Larson* is a putative class

26   action seeking statutory damages under 15 U.S.C. § 1681n(a) for willful violations of the FCRA.

27   *See Larson*, 2015 WL 3945052, at *2-3.  In finding that a stay was appropriate in *Larson*, I

28   observed that the named plaintiff's ability to establish his own individual standing was "far from

1    certain," and that even if he himself could establish standing, the record indicated that a significant

2    portion of putative class members would be not be able to do the same.  *Id.* at *8.  I stated, "A

3    decision in *Spokeo* reversing the Ninth Circuit would thus raise serious questions regarding

4    Larson's ability to establish his own individual standing, as well as the predominance and

5    superiority requirements necessary to certify and maintain a class action under Rule 23(b)(3)."  *Id.*

6    I also noted that a decision in *Spokeo* reversing the Ninth Circuit would bring the second question

7    presented in the *Tyson Foods* appeal – i.e., "whether a class action may be certified or maintained

8    under Rule 23(b)(3) . . . when the class contains hundreds of members who were not injured and

9    have no legal right to any damages," *Tyson Foods*, No. 14-1146, "Questions Presented," – to the

10   forefront of the class certification determination, further counseling in favor of a stay.  *See Larson*,

11   2015 WL 3945052, at *8.

12         While I recognize the similarities between *Larson* and this case, there are two significant

13   differences between the two actions that persuade me that a stay is not appropriate here.

14         First, in contrast with the named plaintiff in *Larson*, Doe's ability to establish standing is

15   evident.  He alleges that his employer viewed the offending consumer report and "intended to

16   rescind his written offer of employment" as a result, that the report "damaged his reputation with

17   his employer," and that he was "significantly and severely distressed and continues to be

18   distressed due to fear that obsolete and erroneous information may continue to be reported by

19   Selection."  Compl. ¶ 40.  These allegations are sufficient to plausibly establish Doe's standing to

20   sue in this case, in particular when viewed against the backdrop of the other specific factual

21   allegations in the complaint.  *See Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329, 1332-

22   33 (9th Cir. 1995) (holding that the term "actual damages," as used in the FCRA, "include[s]

23   recovery for emotional distress and humiliation"); *accord Drew v. Equifax Info. Servs. LLC*, 690

24   F.3d 1100, 1109 (9th Cir. 2012) ("The FCRA permits recovery for emotional distress and

25   humiliation.") (internal quotation marks omitted).  At this juncture, and at class certification,

26   Doe's substantive allegations must be taken as true, *see Blackie v. Barrack*, 524 F.2d 891, 901

27   n.17 (9th Cir. 1975), and, in any event, Selection does not offer any reason to doubt the accuracy

28

United States District Court
Northern District of California

1    of Doe's allegations regarding damages and causation.[4]

2          Under current Ninth Circuit precedent, standing is satisfied in a class action if "at least one

3    named plaintiff . . . satisfies the standing requirements." *Bates v. United Parcel Serv. Inc.*, 511

4    F.3d 974, 985 (9th Cir. 2007); *accord Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 978-79 (9th

5    Cir. 2011).  Accordingly, even if the Supreme Court reverses the Ninth Circuit in *Spokeo*, Doe

6    will still be able to establish standing both for himself and for absent class members.

7          It is true that here, as in *Larson*, a reversal in *Spokeo* would raise questions regarding the

8    predominance and superiority requirements of Rule 23(b)(3).  A reversal would also bring to the

9    forefront of the class certification determination the second question presented in *Tyson Foods*.

10   But the potential harm of these scenarios is largely mitigated by the second distinction between

11   this case and *Larson*:  this case is not nearly as developed, procedurally-speaking.  Doe filed his

12   complaint just over four months ago, his motion for class certification is not set to be heard until

13   July 6, 2016, the deadline for hearings on dispositive motions is not until December 14, 2016, and

14   trial is not set until March 20, 2017.  *See* Dkt. No. 22 (Civil Pretrial Order).  In contrast, when I

15   issued the order staying *Larson* on June 26, 2015, the briefing on the motion for class certification

16   was complete and the hearing had already been held, the deadline for hearings on dispositive

17   motions was September 2, 2015, and trial was set for November 30, 2015.  *See Larson*, No. 12-cv-

18   05726, Dkt. No. 55.

19         The Supreme Court is likely to issue its decisions in *Spokeo* and *Tyson Foods* by June

20   2016.  Between now and then, the parties will conduct discovery and begin the process of class

21   certification briefing.  Given that Doe can establish his own individual standing and proceed with

22   his own individual claims irrespective of the ultimate impact of *Spokeo* and *Tyson Foods*, the only

23   potentially unnecessary discovery here is class discovery.  That will undoubtedly place some

24   additional burden on Selection, but it has not shown that the additional burden is sufficient to

25   justify staying this case, which could otherwise be delayed by almost nine months depending on

26

27   _____

     [4] Although Doe seeks damages under 15 U.S.C. § 1681o, which requires a showing of actual
28   damages, Selection has not filed a motion to strike or other motion challenging his standing to
     seek damages under that statute.

United States District Court
Northern District of California

United States District Court
Northern District of California

1   the timing of the Court's rulings.  With respect to class certification briefing, no matter the content

2   of the decisions in *Spokeo* and *Tyson Foods*, the parties are unlikely to need to do more than

3   submit supplemental briefs addressing the decisions and their impact on the class certification

4   question here.

5        In sum, while a stay pending the appeals in *Spokeo* and *Tyson Foods* could have a

6   minimally beneficial impact on this case, Selection has not shown that the balance of hardships

7   favors a stay.  This is not one of the "rare circumstances" in which a stay pending the resolution of

8   an appeal in another case is appropriate.  *See Landis*, 299 U.S. at 255.

9                                    **CONCLUSION**

10       Accordingly, the motion to stay proceedings is DENIED.

11       **IT IS SO ORDERED**.

12   Dated: October 8, 2015

13


14   WILLIAM H. ORRICK
     United States District Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28

8