Jodi K. Swick No. 228634
Edward J. Valdespino No. 272754
**EDISON, McDOWELL & HETHERINGTON LLP**
1 Kaiser Plaza, Suite 340
Oakland, CA 94612
Telephone:   510.628.2145
Facsimile:    510.628.2146
Email: jodi.swick@emhllp.com
           edward.valdespino@emhllp.com

Attorneys for Defendant
SELECTION MANAGEMENT SYSTEMS INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SELECTION.COM, a foreign limited liability company doing business in California; and DOES 1-10 inclusive,<br><br>Defendants. | Case No. 3:15-cv-02338-WHO<br><br>**SELECTION MANAGEMENT SYSTEMS INC.'S MOTION TO DISMISS PURSUANT TO F. R. CIV. P. 12(b)(1) AND 12(c) OR IN THE ALTERNATIVE, MOTION FOR ORDER REQUIRING PLAINTIFF TO AMEND COMPLAINT**<br><br>Complaint frilled May 26, 2015<br><br>Hon.:      William H. Orrick<br>Date:      Wed. Feb. 24, 2016<br>Time:      2:00 p.m. |

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

On Wednesday, February 24, 2016, in the courtroom of the Honorable William H. Orrick, San Francisco Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, at 2:00 p.m. Defendant Selection Management Systems Inc. ("SMS") will and hereby does move pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(c) to dismiss Plaintiff's Complaint or, in the alternative, request an order requiring Plaintiff to amend the Complaint to name proper parties.

Selection moves this Court to dismiss Plaintiff's Complaint under Rule 12(b)(1) on the grounds that this Court lacks subject matter jurisdiction because no Plaintiff is named, Plaintiff has not sought leave to proceed anonymously, and Plaintiff does not have valid grounds to

1  proceed anonymously. SMS moves this Court to dismiss Plaintiff's Complaint under Rule 12(c)
2  on the grounds that Plaintiff's Complaint fails to state a claim upon which relief can be granted
3  because "Selection.com" is not a legal entity capable of being sued. Alternatively, Selection
4  moves this Court for an order requiring Plaintiff to amend his Complaint to properly name both a
5  Plaintiff and Defendant. This Motion is based upon this Notice of Motion and Motion, the
6  attached Memorandum of Points and Authorities, the Declaration of Edward J. Valdespino, all
7  pleadings and papers on file in this action, and upon such oral and documentary evidence as may
8  be introduced at the hearing on this Motion.

11  Dated:  January 19, 2016            EDISON, McDOWELL & HETHERINGTON LLP

14                          By: /s Edward J. Valdespino
15                              Jodi K. Swick
                                Edward J. Valdespino

                            Attorneys for Defendant
                            SELECTION MANAGEMENT SYSTEMS

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. ISSUE TO BE DECIDED

Selection Management Systems Inc. requests that this Court dismiss Plaintiff's claim for lack of subject matter jurisdiction and failure to state a claim on which relief can be granted. Plaintiff has failed to comply with Federal Rule of Civil Procedure 10(a) by filing his case as a Doe plaintiff and naming a defendant that is not a legal entity. Plaintiff does not have a valid claim as there is neither a proper plaintiff nor defendant named in this action. As such, this Court should dismiss Plaintiff's Complaint pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction and/or Rule 12(c) for failure to state a claim upon which relief can be granted. Alternatively, the Court should order Plaintiff to amend his Complaint to name proper parties.

## II. STATEMENT OF RELEVANT FACTS

On May 26, 2015, Plaintiff filed a putative class action Complaint for alleged violations of the Fair Credit Reporting Act as "John Doe". [Doc. 1]. Plaintiff's Complaint fails to comply with Federal Rule of Civil Procedure 10(a), which requires a complaint to name all the parties. Fed. R. Civ. P. 10(a). Plaintiff has not requested leave from the Court and the Complaint does not contain facts to support a need to proceed anonymously.

In addition, Plaintiff has named "Selection.com" as the defendant. "Selection.com" is not a legal entity; rather, it is a d/b/a for the proper defendant, Selection Management Systems Inc. *See* Declaration of Edward J. Valdespino ("Valdespino Decl.") ¶ 2. Plaintiff is aware that "Selection.com" is not a legal entity. *Id*. Despite requests from Selection Management Systems Inc., thus far, Plaintiff has refused to amend his Complaint to identify the Plaintiff or name the proper Defendant. *Id*.

## III. LEGAL STANDARD

### A. The Standard for Dismissal under Fed. R. Civ. P. 12(b)(1)

Rule 12(b)(1) allows for a motion to dismiss based on lack of subject matter jurisdiction. Fed R. Civ. P. 12(b)(1). The defense of lack of subject matter jurisdiction may be raised at any time. *Amfac Mortg. Corp v. Arizona Mall of Tempe, Inc.*, 583 F.2d 426, 430 n. 5 (9th Cir. 1978). It is a fundamental precept that federal courts are courts of limited jurisdiction. *Vacek v. United*

*States Postal Serv.*, 447 F.3d 1248, 1250 (9th Cir. 2006). As such, the burden of establishing jurisdiction lies with the party asserting jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.Supp.3d 1115, 1122 (9th Cir. 2010).

A Rule 12(b)(1) motion may be either facial, where the inquiry is confined to the allegations in the complaint, or factual, where the court is permitted to look beyond the complaint to extrinsic evidence. *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004); *Savage v. Glendale Union High School Dist. No. 205*, 343 F.3d 1036, 1039 n. 2 (9th Cir. 2003). "In a facial attack, the challenger asserts that the allegations contained in the complaint are insufficient on their face to invoke federal jurisdiction. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). The inquiry in a facial attack is confined to the allegations in the complaint. *Wolfe*, 392 F.3d at 362. In evaluating a facial attack, the court must accept as true the factual allegations in plaintiff's complaint. *Miranda v. Reno*, 238 F.3d 1156, 1157 n. 1 (9th Cir. 2001).

### B.   The Standard for Dismissal under Fed. R. Civ. P 12(c)

Under Federal Rule of Civil Procedure 12(c), "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." The legal standard for Rule 12(c) is virtually identical to the standard for a motion to dismiss under Rule 12(b)(6). *See Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir.1989).

Rule 12(b)(6) allows dismissal of a complaint when it fails to state a claim upon which relief may be granted. Fed R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Ashcroft v. Iqbal*, 556 U.S. 662, 555 (2009). For a motion under Rule 12(b)(6), the question presented is not whether the plaintiff will prevail in the action, but whether the plaintiff is entitled to offer evidence in support of the claim. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

Normally, a district court must convert a 12(b)(6) motion to dismiss into a Rule 56 motion for summary judgment if it considers evidence outside the pleadings. *U.S. v. Ritchie*, 342 F.3d

903, 907 (9th Cir. 2003). "A court may, however, consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *Id.* at 908 (citations omitted).

**IV.   ARGUMENT**

    **A.   The Complaint Should be Dismissed under Fed. R. Civ. P. 12(b)(1) because Plaintiff Has Failed to Name a Proper Plaintiff**

Plaintiff's Complaint should be dismissed because the Court lacks subject matter jurisdiction due to Plaintiff's failure to name a proper plaintiff. Federal Rule of Civil Procedure 10(a) provides that "[e]very pleading must have a caption with the court's name, a title, a file number, and a Rule 7(a) designation. The title of the complaint *must name all the parties . . . .*" Fed. R. Civ. P. 10(a) (emphasis added). The Federal Rules do not provide for suits by persons using fictitious names or for anonymous plaintiffs. *Coe v. United States Dist. Court*, 676 F.2d 411, 415 (10th Cir. 1982); *E.E.O.C. v. ABM Industries*, 249 F.R.D. 588, 592 (E.D. Cal. 2008) (citing favorably to *Coe v. U.S. Dist. Ct.*). "[U]se of fictitious names runs afoul of the public's common law right of access to judicial proceedings and Rule 10(a)'s command that the title of every complaint 'include the name of all the parties.'" *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067-68 (9th Cir. 2000).

The Ninth Circuit "allow[s] parties to use pseudonyms in the 'unusual case' when nondisclosure of the party's identity 'is necessary to protect a person from harassment, injury, ridicule or personal embarrassment.'" *Id.* at 1067-68 (9th Cir. 2000) (quoting *U.S. v. Doe*, 655 F.2d 920, 922 n.1 (9th Cir. 1981)). Absent permission from the district court to proceed anonymously, the federal courts lack jurisdiction over unnamed parties as a case has not been commenced with respect to them. *Nat'l Commodity and Barter Ass'n, Nat'l Commodity Exch. v. Gibbs*, 886 F.2d 1240, 1245 (10th Cir. 1989). Absent special circumstances, it is proper for a court to dismiss a complaint that fails to name a Plaintiff. *Id*; *see also Advanced Textile*, 214 F.3d at 1062.

///

Here, Plaintiff's Complaint does not make any allegations regarding a need to proceed anonymously and Plaintiff has not requested nor received permission to do so. *See* Compl. [Doc. 1]. As such, this Court lacks jurisdiction over the unnamed Plaintiff and should dismiss this case pursuant to Rule 12(b)(1). Alternatively, the Court should order Plaintiff to amend his complaint to name the Plaintiff.

### B. The Complaint Should Be Dismissed under Fed. R. Civ. P. 12(c) because Plaintiff Has Failed to Name a Proper Defendant

Plaintiff's Complaint should also be dismissed because it fails to name a proper defendant. "Selection.com" is not a legal entity; rather, it is merely a d/b/a of Selection Management Systems Inc. Valdespino Decl. ¶ 2. As such, "Selection.com" is not capable of being sued. *PB Farradyne, Inc. v. Peterson*, No C 05-03447 SI, 2006 WL 132182, at *5 (N.D. Cal Jan. 17, 2006). Because Plaintiff has failed to name a defendant that is amenable to suit, Plaintiff has failed to state a claim upon which relief can be granted. *See e.g. Daniel v. Federal Government Area 51*, No. C10—1435—JCC, 2010 WL 4723681, at *2 (W.D. Wash. Nov. 16, 2010) (Dismissing plaintiff's claim for failure to name a defendant amenable to suit.). Plaintiff's claim should be dismissed pursuant to Rule 12(c). *Id.*; *Lovett v. DeAngelos*, No. C 93-1293 BAC, 1994 WL 69464, at *1 (N.D. Cal. Feb. 23, 1994). Alternatively, the Court should order Plaintiff to amend his Complaint to name a defendant that is capable of being sued.

## V. CONCLUSION

Plaintiff's Complaint should be dismissed as it fails to comply with the Federal Rules of Civil Procedure. Plaintiff failed to seek leave to proceed anonymously and has not pled or otherwise provided any basis to do so. Plaintiff has also failed to name a Defendant capable of being sued. As such, this Court should dismiss Plaintiff's Complaint pursuant to Rule 12(b)(1) and/or 12(c). Alternatively, the Court should issue an order requiring Plaintiff to amend his complaint to name a proper Plaintiff and Defendant.

///

///

///

Dated: January 19, 2016                    EDISON, McDOWELL & HETHERINGTON LLP


                                           By: /s Edward J. Valdespino
                                              Jodi K. Swick
                                              Edward J. Valdespino

                                           Attorneys for Defendant
                                           SELECTION MANAGEMENT SYSTEMS